UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID T.,

      **Plaintiff,**

v.

KILOLO KIJAKAZI,
**Acting Commissioner of Social Security,**

      **Defendant.**

Case No. 1:20-cv-9118
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff David T. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff appeals from the final decision of the Commissioner of Social Security denying his application.[1] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.    PROCEDURAL HISTORY**

On March 6, 2017, Plaintiff filed an application for benefits, alleging that he has been disabled since May 1, 2016, due to peripheral neuropathy, bulging disc pain in the lower back, diabetes type two, depression, and anxiety. R. 80–81, 94–95, 108, 179–82. The application was

---

[1] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 24(d).

1

denied initially and upon reconsideration. R. 109–14, 120–22. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 118–19, 123–24. Administrative Law Judge ("ALJ") Douglass Alvarado held a hearing on April 5, 2019, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 37–79. In a decision dated May 7, 2019, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 1, 2016, the alleged disability onset date, through the date of that decision. R. 15–25. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on June 11, 2020. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On January 25, 2021, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 10.[2] On January 26, 2021, the case was reassigned to the undersigned. ECF No. 11. The matter is now ripe for disposition.

## II.    LEGAL STANDARD

### A.    Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative

---

[2] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

> record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted). *See also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account

whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict."  *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent

such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, a court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

**B.  Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the

Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do

so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

III.   **ALJ DECISION AND APPELLATE ISSUES**

The Plaintiff was 40 years old on his alleged disability onset date. R. 23. Plaintiff met the insured status requirements of the Social Security Act through December 31, 2021. R. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between May 1, 2016, his alleged disability onset date, and the date of the decision. *Id*.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: degenerative disc disease, peripheral neuropathy, diabetes mellitus, derangement of right knee, obesity, depression, and anxiety disorder. *Id*. The ALJ also found that Plaintiff's diagnosed sleep apnea was not severe. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 18–19.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 19–23. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a shipping and receiving clerk, material handler, palletizer, and juice packing machine seller. R. 23.

At step five, the ALJ found that a significant number of jobs—*i.e.*, approximately 46,563 jobs as a document preparer; approximately 5,695 jobs as an address clerk; approximately 3,249 jobs as a tube operator—existed in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 24–25. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from May 1, 2016, his alleged

disability onset date, through the date of the decision. R. 25.

Plaintiff disagrees with the ALJ's findings at steps four and five and asks that the decision of the Acting Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 14; *Plaintiff's Reply Brief*, ECF No. 16. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 15.

IV. DISCUSSION

Plaintiff raises several different challenges to the ALJ's decision, including, *inter alia*, that the ALJ erred in crafting an RFC that did not include all the limitations accepted by the ALJ. *Plaintiff's Memorandum of Law*, ECF No. 14, pp. 15–17; *Plaintiff's Reply*, ECF No. 6, pp. 6–7. Plaintiff specifically argues, *inter alia*, that the ALJ erred when crediting the opinions of reviewing state agency psychologists Patricia Clark, Psy. D., and Sharon Flaherty,[3] and yet failing to account in the RFC for all the limitations articulated by these experts. *Id*. This Court agrees.

A claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). At the administrative hearing stage, the administrative law judge is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining

---

[3] Neither the Administrative Record nor the ALJ's decision appears to indicate this reviewing expert's degree or qualifications.

8

physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer,* 186 F.3d at 429. However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In making his or her findings, an ALJ must evaluate all record evidence. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704−05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id*. at 705−06; *Diaz v. Comm'r of Soc. Sec*., 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Burnett v. Comm'r of Soc. Sec*., 220 F.3d 112, 121 (3d Cir. 2000) (citing *Cotter*, 642 F.2d at 705).

Accordingly, "the ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'" *Sutherland v. Comm'r Soc. Sec.*, 785 F. App'x 921, 928 (3d Cir. 2019) (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)); *see also Nazario v. Comm'r Soc. Sec.*, 794 F. App'x 204, 209–10 (3d Cir. 2019) ("We have also held that although the government 'may properly accept some parts of the medical evidence and reject other parts,' the government must 'provide some explanation for a rejection of probative evidence which would suggest a contrary disposition.'") (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994)); *Cotter*, 642 F.2d at 706–07 ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.") (internal citation omitted).

In addition, the Court notes that state agency physicians are experts in Social Security disability programs. SSR 96-6p. "An ALJ may not ignore these opinions and must explain the weight given to them." *Neal v. Comm'r of Soc. Sec.*, 57 F. App'x 976, 979 (3d Cir. 2003).

In the case presently before the Court, the ALJ determined that Plaintiff had the RFC to perform a limited range of sedentary work, as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he: is able to stand and stretch at the workstation after 30 minutes of sitting; and is able to sit for 1 to 5 minutes at the workstation after 30 minutes of standing or walking. He can occasionally climb ramps, stairs, ladders, ropes and scaffolds; can occasionally balance, stoop, kneel, and crouch; and can never crawl. He can have occasional exposure to extreme cold and extreme heat. The claimant is able to understand, remember and carry out simple instructions with only occasional changes to essential job functions; is able to make simple work-related decisions; and can occasionally interact with supervisors, coworkers and the public.

R. 19.

In making this determination, the ALJ considered the opinions of reviewing state agency experts, including the opinions of, *inter alios*, Patricia Clark and Sharon Flaherty. R. 23. Dr. Clark conducted an initial review of Plaintiff's medical record on behalf of the state agency on July 7, 2017, R. 80–93, and opined, *inter alia*, that Plaintiff had moderate limitations in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. R. 90. Dr. Clark explained this limitation as follows:

> This clmt demonstrates limited ability to sustain CPP for extended periods secondary to pain. <u>When pain is managed, clmt should be able to complete simple tasks for 6-8 hours in an eight-hour period at an appropriate pace</u>, and sustain this level across days and weeks as evidenced by clmt's work hx.

*Id.* (emphasis added); *see also* R. 91 (same). Sharon Flaherty affirmed this assessment in her review of Plaintiff's record upon reconsideration of the initial denial. R. 99–100.

In his decision, the ALJ assigned "great weight" to the opinions of these reviewing state agency experts, explaining as follows:

> On July 6, 2017, psychiatrist [sic] Patricia Clark, Psy.D., concluded that the claimant had no limitations in understanding and memory. The claimant was moderately limited in his ability to carry out detailed instructions and maintain attention and concentration. He was also moderately limited in his ability to complete a normal workday without interruptions from psychologically based symptoms. The claimant had limitations in social interaction because his ability to relate socially was variable and might be limited in sustaining cooperative relations. The claimant was moderately limited in his ability to respond appropriately to changes in the work setting (Exhibit 1A). On reconsideration, Dr. Shannon [sic] Flaherty concurred (Exhibit 3A). While non-examining sources, the State agency consultants have program knowledge of the Administration's standards and procedures. Further, their opinions are generally consistent with the substantial evidence of record. Accordingly, I have given their assessments great weight in making the findings herein.

R. 23. Plaintiff argues that, although the ALJ accepted these opinions by assigning them "great weight," he nevertheless failed to incorporate into the RFC the opinion that Plaintiff was

moderately limited in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform and a consistent pace without an unreasonable number and length of rest periods. *Plaintiff's Memorandum of Law*, ECF No. 14, pp. 15–17; *Plaintiff's Reply*, ECF No. 6, pp. 6–7. Apparently referring to these experts' opinion that, "[w]hen pain is managed, clmt should be able to complete simple tasks for 6-8 hours in an eight-hour period at an appropriate pace," *see* R. 90, Plaintiff contends that the failure to incorporate these limitations into the RFC is not harmless because the vocational expert also testified that an individual who is off task 15% of the workday cannot not work. *Plaintiff's Memorandum of Law*, ECF No. 14, p. 16 (citing R. 76–77). The Commissioner merely responds generally that the RFC adequately accommodated the moderate limitations assessed by the state agency reviewing experts. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 15, pp. 7–8.

      The Court concludes that this issue requires remand. A fair reading of the ALJ's decision suggests that the ALJ apparently accepted that portion of the state agency experts' opinion that Plaintiff could work up to eight hours in an eight-hour day at an appropriate pace, but implicitly rejected that portion of their opinion that Plaintiff may be capable of working only six hours in a workday. R.19. Notably, the ALJ never explained his determination in this regard. R. 19–23. Although an ALJ is free to weigh the medical opinions in the record and to determine whether and to what extent those opinions are to be credited, an ALJ must in all events explain his reasoning in that regard. *Cotter*, 642 F.2d at 704–05; *Fargnoli,* 247 F.3d at 42; *Morales*, 225 F.3d at 317; *see also Jones,* 364 F.3d at 505 (providing that an ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review"). Where, as here, the ALJ appears to have rejected certain restrictions articulated by the state

12

agency experts, the Court cannot, in the absence of some explanation by the ALJ, conclude that substantial evidence supports the ALJ's RFC determination. *See Cotter*, 642 F.2d at 704–05; *Fargnoli,* 247 F.3d at 42; *Morales*, 225 F.3d at 317; *Sutherland*, 785 F. App'x at 928. Moreover, the vocational expert testified that an individual who is off task 15% or more of the workday cannot work, R. 76-78, and the Social Security Administration takes the position that a person who cannot work eight hours a day, five days a week, or the equivalent, is disabled. *See* SSR 96-8p, 1996 WL 374184 at *1 (Jul. 2, 1996). Thus, the ALJ's failure to explain his assessment of the state agency experts' opinions cannot be viewed as harmless.

It is true, as the Acting Commissioner contends, that an ALJ need include in the RFC only credible functional limitations and that "[i]t is completely appropriate for the ALJ to disregard vocational expert testimony in response to limitations he does not accept." *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 9, pp. 22−23. However, the ALJ's failure to explain his reasoning in this regard requires remand for the reasons already discussed.

This Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of the opinions of state agency reviewing experts Patricia Clark and Sharon Flaherty, as well as the RFC determination. Remand is appropriate, moreover, even if further examination of those opinions again persuades the Acting Commissioner that Plaintiff is not entitled to benefits; that determination is for the Commissioner—not this Court—to make in the first instance. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that

would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks.").[4]

## V. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  January 7, 2022                           *s/Norah McCann King*
                                                      NORAH McCANN KING
                                                UNITED STATES MAGISTRATE JUDGE

---

[4] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of the opinions of the state agency experts and the RFC determination, the Court does not consider those claims.